**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 7:25-CR-03 (WLS-ALS) |
| DONALD BENJAMIN PATE, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

  Before the Court is the Defendant's Unopposed Motion to Continue (Doc. 18). Therein, Defendant requests a continuance of the trial in this matter from the May 2025 trial term to the next Valdosta Division trial term. (*Id.*) Defendant states that Defense Counsel anticipates receiving discovery from the Government this week, and that the discovery in this case is expected to be a voluminous. (*Id.*) Thus, Defendant contends that a continuance is warranted because additional time is needed for Defendant and his counsel to review the discovery in this case. (*Id.*) Defendant notes that the Government does not oppose his Motion and that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Pate in a speedy trial. (*Id.*)

  Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 18) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division August 2025 term and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the pretrial conference in this matter currently scheduled for April 1, 2025, is **CANCELLED**.

  Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in

a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

    **SO ORDERED**, this 27th day of March 2025.

                                      <u>/s/ W. Louis Sands</u>
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**