## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 7:25-CR-03 (WLS-ALS) |
| DONALD BENJAMIN PATE, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is a Joint Motion to Continue Trial Based on Defendant's Unavailability (Doc. 25), filed by Defendant on June 20, 2025. Therein, Defendant requests a continuance of the pretrial conference currently scheduled for July 1, 2025.[1] Defendant states that prior to his initial appearance and arraignment in the above-captioned case, Defendant was indicted in the United States District Court for the Southern District of Georgia case number 6:24-CR-09 and was subsequently released on bond. (Doc. 25 ¶ 3–4). Following his initial appearance in this case, Defendant was released on an unsecured bond on March 3, 2025. (*Id.* ¶ 2). Thereafter, Defendant was arrested in Polk County, Florida, and obtained by the Southern District on a Writ of Habeas Corpus ad Prosequendum. (*Id.* ¶ 5). Defendant's bond was revoked by the Southern District on June 17, 2025. (*Id.*) According to Defendant, the United States Marshals Service is unable to secure his presence at the July 1, 2025 pretrial conference in this case because Defendant was initially obtained by, and is being held pursuant to, the Writ obtained by the Southern District. (*Id.* ¶ 6–7). Thus, Defendant contends that the Government cannot obtain his presence in this Court until the Southern District case has concluded. (*Id.* ¶ 7). Defendant notes that the Government does not oppose his Motion, and

---

[1] Based on the title of Defendant's Motion as well as its contents, the Court construes the Motion as requesting a continuance of the trial in this matter from the Court's Valdosta Division August 2025 trial term. (*See generally* Doc. 25). The Court's next regular Valdosta Division trial term is November 2025. The Court, therefore, construes the Motion as a request to continue the trial in this matter to the Court's Valdosta Division November 2025 trial term. If Defendant disagrees with the Court's interpretation and conclusion, he shall immediately file an objection, in writing, stating as much.

1

that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Pate in a speedy trial. (*Id.* ¶ 8).

Based on Defendant's stated reasons, the Court finds that a continuance is necessary. *See* 18 U.S.C. § 3161(h)(1)(B) and (h)(3)(B). The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 25) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division November 2025 term and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the pretrial conference in this matter currently scheduled for July 1, 2025, is **CANCELLED**. Counsel shall timely notify the Court if Defendant remains unavailable for the November 2025 trial term.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(B) and (h)(3)(B) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would be likely to make a continuation of such proceeding impossible, and (b) would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

**SO ORDERED**, this 24th day of June 2025.

                                                /s/ W. Louis Sands
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**